## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 13-25078 |
| | ) | Chapter 7 |
| David L. Dini, | ) | Hon. Janet S. Baer |
| Debtor. | ) | Hearing Date: March 25, 2014 |
| | ) | Time: 10:00 a.m. |

**Final Report and Account Per Rule 1019**

David L. Dini submits the following Statement of Unpaid Liabilities and Final Report and Account in accordance with Bankruptcy Rule 1019(5):

1. On June 18, 2013, the Debtor filed a voluntary petition for reorganization under chapter 11 of title 11, United States Code ("Code").

2. On February 19, 2014, the Court entered an order converting the case to a case under chapter 7 of the code.

3. John E. Gierum was thereafter appointed as interim trustee and continues to serve in that capacity.

4. All fees due to the Office of the United States Trustee were paid. The payment of $975.00 for the 4th quarter of 2013 cleared the bank on February 19, 2014. The United States Trustee has filed a claim in the chapter 7 case.

5. All expenses incurred during the chapter 11 period, have been paid except for attorneys fees as administrative claims:

   a. Unpaid professional compensation and reimbursement of expenses owing to the Debtor's counsel, Baldi Berg, Ltd. (formerly Baldi Berg and Wallace, Ltd.) for the period from June 18, 2013 to and including the conversion date totaling approximately $29,660.00. Baldi Berg, Ltd. shall apply for allowance and payment of fees. As of the date hereof, there has been no order fixing the date for the filing of

motions for the final allowance of professional compensation and reimbursement of expenses incurred during the Chapter 11 case.

6. Debtor shall meet with the Trustee at the date set for the 341 meeting of creditors on April 10, 2014 and deliver all records requested by the Trustee. Debtor does not believe there are any funds to turn over to the Trustee. On the date of filing the balance in the DIP account was $3,317.32. On February 20, 2014, a payment of $3,000.00 to Signature Bank, a secured creditor of Debtor cleared the bank. Additionally, Debtor claimed a personal property exemption in his cash on hand and in bank accounts of $2,450.74. Debtor does not believe that the minimal funds remaining in the DIP account are property of the Estate.

7. The only assets that were liquidated during Chapter 11 case were shares of stock, for which Debtor received $28,254.62. This liquidation was approved by the Court. These funds were primarily used for court approved professional fees and retainers. All remaining non-exempt assets are property of the Estate and subject to administration by the Trustee.

Dated: March 19, 2014                    Respectfully submitted,
                                         David L. Dini, debtor

                                         By: _____/s/   Julia D. Loper_____
                                                 One of his Attorneys

Joseph A. Baldi
Julia D. Loper
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, IL  60602
(312) 726-8150